IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| ERIC DANTE WELLS,<br><br>Plaintiff,<br><br>v.<br><br>M. HOUSTON, LIEUTENANT; J. BEUCHAT, CAPTAIN; K. GEIBEL, SERGEANT; S. BALSAMO, CORRECTIONAL OFFICER; J. FLICKINGER, CORRECTIONAL OFFICER; Z. POWELL, CORRECTIONAL OFFICER; E. CHRISTMANN, CORRECTIONAL OFFICER; J. FISCUS, CORRECTIONAL OFFICER; AND J. SHAW, CORRECTIONAL OFFICER,<br><br>Defendants. | Civil Action No. 2:22-cv-01641-CBB<br><br>United States Magistrate Judge<br>Christopher B. Brown |

## MEMORANDUM AND ORDER

**CHRISTOPHER B. BROWN, United States Magistrate Judge**

Plaintiff, Eric Dante Wells ("Wells"), a prisoner at the State Correctional Institution at Mercer ("SCI-Mercer"), brings this civil rights action under 42 U.S.C. § 1983 against several Department of Corrections officers and employees concerning their actions during a medical emergency he experienced on June 25, 2022.

Pending is Defendants' Motion for Reconsideration (the "Motion") filed on September 25, 2024. ECF No. 80. Defendants filed the Motion seeking reconsideration of the Court's September 19, 2024, Memorandum Opinion and Order granting in part and denying in part their motion for summary judgment, as

1

discussed in more detail below (the "Summary Judgment Opinion").[1] ECF Nos. 77

and 78.  Wells filed a response in opposition to the Motion.  ECF No. 90.  The matter

is now fully briefed.

Following consideration of the Motion, the respective briefs, and for the

following reasons, the Motion will be denied.

I.      PROCEDURAL BACKGROUND

The procedural history and facts of the case are summarized in the Summary

Judgment Opinion and will not be repeated in detail here.

After discovery was completed, Defendants moved for summary judgment.

ECF No. 59.  The matter was fully briefed and the factual record thoroughly

developed.  On September 19, 2024, the Court issued the Summary Judgment

Opinion and Order granting in part and denying in part Defendants' motion.  ECF

Nos. 77 and 78.  Specifically, the Court found that the asserted exhaustion defense

did not provide a basis for an entry of summary judgment.  This holding was based

on record evidence that Wells placed his final appeal in the prison mail system for

transmission to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA")

on September 21, 2022, that Wells had no control over when prison officials mailed

the final appeal to SOIGA, that Wells had no means to determine when SOIGA

actually received the grievance, and that Wells reasonably relied on postage charges

to his prison account on the 21st to calculate and anticipate when an appeal

response would be received.  *See* ECF No. 77 at p.11.  The Court found that the

---

[1]     The parties have fully consented to jurisdiction before a magistrate judge.

calculated response by Wells was reasonable. The Court then turned to the merits and granted summary judgment to Defendants on Wells's Eighth Amendment deliberate indifference to his serious medical needs claim and denied summary judgment on Wells's Eighth Amendment excessive force claim finding that genuine issues of material fact existed. ECF Nos. 77 and 78.

Presently pending is Defendants' motion for reconsideration of the Summary Judgment Opinion. Defendants argue that reconsideration is necessary to correct a clear error of law with regard to the application of the PLRA to this case. Specifically, Defendants argue that the Court erred because it (1) misapplied the burden with regard to the PLRA and (2) failed to address Wells's procedural default on Grievance Number 992075. ECF No. 82. Wells responds that reconsideration is not necessary as he submitted evidentiary support refuting Defendants' assertion that he failed to properly exhaust under the PLRA and that the Court did not misapply or commit an error of law. ECF No. 90.

## II.   STANDARD OF REVIEW

Defendants seek reconsideration of an interlocutory order granting partial judgment, rather than a final judgment or order. While reconsideration of a final judgment or order may be considered under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b), the appropriate Rule under which to file motions for reconsideration of an interlocutory order is Rule 54(b). *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) (explaining that "motions for reconsideration of interlocutory orders – whether denials of summary

judgment, grants of partial summary judgment, or any other non-final orders – are motions under Federal Rule of Civil Procedure 54(b)."). *See also Hoenig v. Nasco Healthcare, Inc.*, No. 2:21-342, 2024 WL 3012783, *2 (W.D. Pa. June 14, 2024) (same); *Nyamekye v. Mitsubishi Elec. Power Prod., Inc.*, No. 17-852, 2018 WL 3933504 (W.D. Pa. Aug. 16, 2018) (same).

Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but few than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties does not end the action as to any claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b).

A motion for reconsideration with respect to a *final* order or judgment must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). "'While the standards articulated in Rule[ ] . . . 60(b) are not binding in an analysis of Rule 54(b) motions, courts frequently look to these standards for guidance in considering such motions.'" *Nyamekye*, 2018 WL 3933504, at *3 (citations omitted). However, reconsideration of *interlocutory* orders "may be had even if the movant cannot show an intervening change in controlling law, the

4

availability of new evidence that was not available when the court issued the underlying order, or the 'need to correct a clear error of law or fact to prevent manifest injustice'." *Id*. (quoting *Qazizadeh,* 214 F. Supp. 3d at 298) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "[T]he court may permit reconsideration whenever 'consonant with justice to do so'." *Id*. (quoting *Qazizadeh,* 214 F. Supp. 3d at 298).

As the District Court stated in *Nyamekye,*

> While "district courts have more discretion in reconsidering interlocutory orders than in revising final judgments*," Foster v. Westchester Fire Ins. Co.*, Civ. Action No. 09-1459, 2012 WL 2402895, at *4 (W.D. Pa. June 26, 2012), the Third Circuit Court of Appeals has held that "[t]he trial court must, of course, exercise this authority in a responsible way, both procedurally and substantively," and that "[e]ffective trial court management requires a presumption against reconsideration of interlocutory decisions." *In re Anthanassious*, 418 Fed. Appx. 91, 96 (3d Cir. 2011). Thus, courts should exercise this inherent power with a "light hand." *Foster*, 2012 WL 2402895, at *4 n.1. In discussing the scope of a district court's discretion to reconsider an interlocutory decision, the Third Circuit Court of Appeals has explained that while " '[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance . . . as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice.' " *In re Pharmacy Benefit Managers*, 582 F.3d 432, 439 (3d Cir. 2009) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)).

*Nyamekye*, 2018 WL 3933504, at *3. "The Rule 54(b) standard, while less rigorous, is not without teeth [and] a movant must still establish good cause for why the court should revisit its prior decision." *Michalek v. Nationwide Mut. Fire Ins. Co.*, No. 19-

5

351, 2022 WL 1782503, at *2 (W.D. Pa. June 1, 2022) (quoting *Qazozadeh*, 214 F. Supp. 3d at 295). With this standard in mind, the Court turns to Defendants' motion for reconsideration.

## II. Discussion

Defendants argue the Court erred because it (1) misapplied the burden with regard to the PLRA and (2) failed to address Wells's procedural default on Grievance Number 992075. ECF No. 80 at 2-3. For the reasons that follow, the Court finds these arguments to be without merit and reconsideration is not warranted as the Court's initial decision was neither clearly erroneous in law or fact nor does it result in a manifest injustice.

### A. The Burden of Proof of Non-Exhaustion Remained With Defendants

"[F]ailure to exhaust is an affirmative defense under the PLRA." *Jones v. Bock*, 549 U.S. 199, 216 (2007). *See also Downey v. Pennsylvania Department of Corrections*, 968 F.3d 299, 305 (3d Cir. 2020) (stating "failure to exhaust is an affirmative defense that the defendant must plead and prove.") (citing *Jones*, 549 U.S. at 216; *Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018)). "The availability of administrative remedies to a prisoner is a question of law." *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2000).

On a motion for summary judgment on the PLRA's failure to exhaust defense, the allocation of the shifting burdens is:

> Failure to exhaust available administrative remedies is
> an affirmative defense that must be pleaded and proven
> by the defendant. But once the defendant has carried that
> burden, the prisoner has the burden of production. That

> is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. <u>However, as required by the Supreme Court, the ultimate burden of proof remains with the defendant</u>.

*Sarvey v. Wetzel*, C.A. No. 16-157 ERIE, 2018 WL 1519072, at *2 (W.D. Pa. Mar. 28, 2018) (quoting *Njos v. Argueta*, Civil Action No. 3:12-cv-01038, 2017 WL 1304301, at *2 (M.D. Pa. Feb. 23, 2017)) (emphasis added). Failing to timely respond to a grievance renders a prison's administrative process unavailable. *See Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 154 (3d Cir. 2018).

    Defendants argued in their summary judgment motion that Wells failed to fully exhaust his claims, which is a prerequisite to bringing suit. At that point, the burden of production shifted to Wells to come forward with evidence showing that there was something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. Wells did just that - he produced undisputed evidence that his prison account had been charged $1.68 for postage on September 21, 2022, to mail his final appeal to SOIGA. ECF No. 69, at p. 13.

    In their Reply, Defendants relied upon DC-ADM 804, Section 2.B(2), which states that "SOIGA will ensure that: (1) an appeal to final review is responded to within 30 days of <u>receipt</u> unless otherwise extended and/or referred." (emphasis added). Defendants produced evidence that Wells's final appeal was received by SOIGA on September 30, 2022. *See* ECF No. 72, Exh. B.

The Court, in considering exhaustion in its role as a "fact finder," *Paladino v. Newsome*, 885 F.3d 203, 211 (3d Cir. 2018), found that Wells reasonably relied, to his detriment, on the date he believed his final appeal and had been placed in the mail by prison officials to SOIGA and calculated the response date based on that belief. With no communication advising Wells when the grievance had been received by SOIGA, the Court found that the PLRA administrative remedies were effectively unavailable to him under the PLRA. *See Robinson*, 831 F.3d at 154 (holding that failing timely to respond to a grievance renders a prison's administrative process unavailable).

Contrary to Defendants' argument, the Court did not misapply who had the burden with regard to the PLRA or find that the DOC should have notified Wells when his final appeal had been received by SOIGA. *See* ECF No. 80, at ¶ 9. Rather, the Court found that <u>under the particular circumstances in this case</u>, Wells had come forward with evidence showing that the available administrative remedies were effectively unavailable to him.

B. <u>There Was No Procedural Default As The Remedy Was Not Available to Wells</u>

The administrative exhaustion mandate of the PLRA also implies a procedural default component. *See Spruill v. Gillis,* 372 F.3d 218, 222 (3d Cir. 2004). Because the Court found that administrative remedies were not available to Wells, it was not necessary to discuss any possible procedural default on grievance number 992075.

## III.     Conclusion

The issue before the Court is whether Defendants have supported their request for reconsideration of this Court's Summary Judgment Opinion.  For the reasons stated above, the Court finds that Defendants have not done so.  The motion does not identify any clear error of law or fact or an intervening change in the controlling law.  Nor does it highlight new evidence that was not available when the court issued the Summary Judgment Opinion and Order.  Finally, the motion does not present a showing that manifest injustice can only be avoided by reconsideration.  In this regard, Defendants merely seek to reargue the evidence the Court considered and have it reach a different result.

For all these reasons, the motion for reconsideration will be denied.  An appropriate Order follows.

**ORDER OF COURT**

**AND NOW**, this 28th day of October, 2024, **IT IS HEREBY ORDERED** that the Motion for Reconsideration, ECF No. 80, is **DENIED**.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:  Eric Dante Wells
 LS-0414
 SCI Mercer
 801 Butler Pike
 Mercer, PA 16137
 (via U.S. First Class Mail)

 Kimberly A. Adams
 PA Department of Corrections
 Office of Chief Counsel
 (via ECF electronic notification)